787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TERRY MORRISON, Plaintiff-Appellant,
v.
HILDA R. GAGE, Defendant-Appellee.
 84-1205
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action under 42 U.S.C. Sec. 1983, plaintiff questions the legality of his present confinement and seeks monetary damages in connection with the antecedent criminal conviction. He also requests that an investigation be conducted into alleged discriminatory sentencing practices of the Oakland County (Michigan) Circuit Court and of the named defendant, a judge of that court. The district court caused the complaint to be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) prior to service on defendant. Plaintiff appeals and has filed an informal brief.
 
 
 3
 Upon consideration, we find the district court's decision to have been proper. To the extent plaintiff questions the fact or duration of his present confinement he must pursue remedies available under 28 U.S.C. Sec. 2254, not the civil rights statutes. Preiser v. Rodriguez, 411 U.S. 475 (1973). The district court correctly noted that plaintiff does not appear to have complied with the exhaustion requirement of Sec. 2254; thus, this portion of the action cannot be maintained in its present form.
 
 
 4
 Plaintiff also attempts to bring an action for monetary relief against the defendant, a judge of the Oakland County Circuit Court, in connection with action taken by defendant in her official capacity. This seems clearly to be proscribed by the judicial immunity doctrine set forth in Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 5
 Finally, plaintiff alludes to a federal court investigation and, presumably, subsequent supervision of practices of the Oakland County Circuit Court. This relief is not available, precluded as it is by considerations of comity and federalism. See, e.g., O'Shea v. Littleton, 414 U.S. 488 (1974). Plaintiff's reliance in this context on the criminal counterpart to Sec. 1983, 18 U.S.C. Sec. 242, is misplaced as this statute does not give rise to an independent civil cause of action.
 
 
 6
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that the final order of the district court be and it is hereby affirmed.